UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:   _____
DATE FILED: September 26, 2011

DHIRI TRIVEDI,                                          :

                          Petitioner,         :          ORDER ADOPTING R&R

               -against-

                                              :          10 Civ. 7356 (PAC) (FM)

N.Y.S. UNIFIED COURT SYSTEM          :
OFFICE OF COURT ADMINISTRATION,

                          Defendant.          :

-------------------------------------------------------X

HRISHIKESH BHATTACHARJEE,            :

                          Petitioner,         :          10 Civ. 7390 (PAC) (FM)

               -against-

                                              :

N.Y.S. UNIFIED COURT SYSTEM          :
OFFICE OF COURT ADMINISTRATION,

                          Defendant.          :

-------------------------------------------------------X

DOUGA BA,                                              :

                          Petitioner,         :          10 Civ. 7405 (PAC) (FM)

               -against-

                                              :

OFFICE OF THE COURTS                  :
ADMINISTRATION, et ano,

                                              :

                          Defendant.

                                              :
-------------------------------------------------------X

```
-------------------------------------------------------X
```

PA B.F. DRAMMEH,                                  :

                  Petitioner,          :          10 Civ. 7406 (PAC) (FM)
      -against-

                                  :

OFFICE OF THE COURTS                              :
ADMINISTRATION, et ano,

                                  :

                  Defendant.

```
-------------------------------------------------------X
```

HAMADOU T. SECK,                                  :

                  Petitioner,          :          10 Civ. 7659 (PAC) (FM)
      -against-

                                  :

OFFICE OF THE COURTS                              :
ADMINISTRATION, et ano,

                                  :

                  Defendant.
                                  :

```
-------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

       Pro se plaintiffs Dhiri Trivedi ("Trivedi"), Hrishikesh Bhattacharjee ("Bhattacharjee"), Douga Ba ("Ba"), Pa B. F. Drammeh ("Drammeh"), and Hamadou Seck ("Seck") (collectively, "Plaintiffs"), former court interpreters for the New York Unified Court System Office of Court Administration ("OCA"), bring these actions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1964, 29 U.S.C. §§ 621, et seq. ("ADEA") against their former employer, OCA.  Ba, Drammeh and Seck also assert Title VII and ADEA claims against their union, District Council 37 Local 1070 ("DC 37").  Drammeh, Seck, and Trivedi assert claims pursuant to the New York City Human Rights Law, N.Y. City Admin. §§ 8-101, et seq. ("NYCHRL").  Additionally, Ba, Drammeh, and Trivedi assert claims pursuant to the New York

State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL").  Trivedi asserts a claim

pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, et seq. ("ADA").  Finally,

Bhattacharjee and Trivedi now seek to amend their complaints to include claims pursuant to 42 U.S.C. §

1983 ("Section 1983").

OCA terminated Plaintiffs from their positions as court interpreters and translators after they

failed a required English proficiency examination.  Plaintiffs allege that OCA developed and

administered its examinations in a discriminatory manner on the basis of race and national origin.  Ba,

Drammeh, and Seck also allege that DC 37 provided them with inadequate representation in connection

with OCA's proficiency examination and was complicit with OCA's violations of their civil rights.

OCA moved to dismiss Plaintiffs' complaints pursuant to Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure.  DC 37 moved to dismiss the complaints in which it is named pursuant

to 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56.  On August 5, 2011,

Magistrate Judge Frank Maas issued a Report and Recommendation ("R&R") recommending that the

Court grant in part and deny in part OCA's motions and grant DC 37's motions in their entirety.  OCA,

Trivedi, and Bhattacharjee filed timely objections.  The Court has reviewed the R&R, as well as the

objections.  For the reasons that follow, the Court adopts Magistrate Judge Maas's recommendations,

and grants in part and denies in part OCA's motions and grants DC 37's motions in their entirety.

## BACKGROUND[1]

### I. Facts

OCA uses three methods to certify and test the qualifications of full and part-time court

employed interpreters depending on the language the interpreter translates.  Spanish interpreters are

subject to a lengthy two-part exam, consisting of multiple choice and oral portions.  Interpreters of the

eleven most prominent languages other than Spanish also take a two-part exam.  Interpreters of other

---

[1]  The facts are taken from the R&R, which are derived from the parties' statements and facts that were judicially
noticed.  (R&R 4.)

languages have to pass a multiple choice English proficiency test, and depending on the language, sometimes an oral exam.  OCA continues to develop and implement oral examinations in these additional languages.

Plaintiffs were all employed full-time as court interpreters with OCA.  Ba and Seck are African-American males who worked as both French and Wolof interpreters.  Drammeh is an African-American male who worked as a Wolof, Mandingo, and Soninke interpreter.  Bhattacharjee is a Bangladeshi male who worked as a Bengali interpreter.  Trivedi is a woman from India who worked as a Hindi, Urdi, and Gujarati translator and interpreter.

In early 2008, Plaintiffs were notified by OCA that they would be required to take and pass a new type of English proficiency exam as a condition of their continued employment.  After learning of this, Ba, Drammeh and Seck conveyed their concerns about the exam to DC 37.  DC 37 persuaded them to take the test.  Each Plaintiff took and failed one or both parts of the test, and any re-tests that were administered.  The Plaintiffs were fired as a result of their test results.

Ba, Drammeh and Seck contend that OCA administered the new exam to only interpreters of African descent.  Bhattacharjee and Trivedi complain about the testing conditions, and Bhattacharjee also contends that the passing score for Bengali interpreters was much higher than for other languages.

## II.   Procedural History

After being fired, Ba, Drammeh, and Seck each filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that OCA and DC 37 discriminated against them on the basis of their race and national origin.  Bhattacharjee filed an EEOC charge alleging national origin discrimination and retaliation.  Trivedi filed an EEOC charge claiming only retaliation. In all cases, the EEOC found no basis to find a violation of federal law; but it issued each Plaintiff a right-to-sue letter.

In September 2010, Plaintiffs commenced their respective actions.  On January 14, 2011 and February 8, 2011, DC 37 and OCA, respectively, filed motions to dismiss the complaints of Ba,

Drammeh, and Seck.  On March 22, 2011 and April 1, 2001, OCA filed motions to dismiss Trivedi and Bhattacharjee's complaints, respectively.  Each Plaintiff filed opposition papers; OCA and DC 37 filed reply papers.

This Court referred Plaintiffs' cases to Magistrate Judge Maas for general pretrial matters and dispositive motions.  On August 5, 2011, Magistrate Judge Maas issued a R&R.

## III.   Magistrate Judge Maas's R&R

In his R&R, Magistrate Judge Maas recommended that the Court grant in part and deny in part OCA's motions and grant DC 37's motions in their entirety.

*A. Claims Against OCA*

1. ADEA, ADA, Section 1983, NYSHRL and NYCHRL

Magistrate Judge Maas concluded that Plaintiffs' claims raised under the ADEA, ADA, Section 1983,[2] NYSHRL and NYCHRL against OCA are barred by sovereign immunity under the Eleventh Amendment.

Pursuant to the Eleventh Amendment to the United States Constitution, a state and its agencies generally are immune from suit in federal court.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-56 (1996).  Magistrate Judge Maas found that OCA, as the administrative arm of the New York State Unified Court System, is a public entity that is not amenable to suit under the Eleventh Amendment. (R&R 14 (citing Gollup v. Spitzer, 568 F. 3d 355, 365-68 (2d Cir. 2009); Anderson v. State of N.Y., Office of Ct. Admin. of Unified Ct. Sys., 614 F. Supp. 2d 404, 426 (S.D.N.Y. 2009).)

Magistrate Judge Maas then found that Plaintiffs' claims did not qualify for either of the two exceptions to sovereign immunity under the Eleventh Amendment, which apply where (1) there has been a clear abrogation of the immunity by Congress, or (2) the state has explicitly and unequivocally waived immunity.  (R&R 15.)  Congress has not abrogated sovereign immunity over claims brought

---

[2]  While no Plaintiff raised a Section 1983 claim, Bhattacharjee and Trivedi seek to amend their complaints to do so.  Magistrate Judge Maas considered a Section 1983 claim and found that any such claim would fail for the reasons discussed below.

under the ADEA, ADA and Section 1983.  Darcy v. Lippman, 356 F. App'x 434, 436 (2d Cir. 2009)

(sovereign immunity under ADEA and ADA not abrogated); Quern v. Jordan, 440 U.S. 332, 340-42

(1979) (sovereign immunity under Section 1983 not abrogated).  Nor has New York explicitly and

unequivocally waived its sovereign immunity with respect to claims brought under the ADEA, ADA,

Section 1983, NYSHRL and NYCHRL.  Canales-Jacobs v. N.Y. State Office of Ct. Admin., 640 F.

Supp. 2d 482, 498 (S.D.N.Y. 2009) (New York has not waived immunity with respect to ADEA claims);

Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977) (New York has not

waived immunity with respect to Section 1983 claims); Martin v. Baruch Coll., No. 10 Civ. 3915(DAB),

2011 WL 723565, at *2 (S.D.N.Y. Feb. 18, 2011) (New York has not waived immunity with respect to

ADA claims); Tuckett v. N.Y. State Dep't of Tax. & Fin., No. 99 Civ. 0679(BJS), 2000 WL 1028662, at

*2 (S.D.N.Y. July 26, 2000)  (New York has not waived immunity with respect to NYSHRL claims);

Leiman v. State of N.Y., No. 98 Civ. 5538(MHD), 2000 WL 1364365, at *7 (S.D.N.Y. Sept. 21, 2000)

(New York has not waived immunity with respect to NYCHRL claims).   Accordingly, Magistrate Judge

Maas recommended that OCA's motions be granted with respect to Plaintiffs' ADEA, ADA, Section

1983, NYSHRL and NYCHRL claims.

    2. Title VII

    Congress has abrogated sovereign immunity with respect to race discrimination claims under

Title VII.  (R&R 15 (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1984).)  Accordingly, Magistrate

Judge Maas analyzed Plaintiffs' Title VII claims against OCA on the merits.

    First, Magistrate Judge Maas considered OCA's arguments that Drammeh and Trivedi failed to

exhaust their administrative remedies by filing timely charges of discrimination with EEOC that relate

to, or are reasonably related to, their pro se claims in federal court.  (Id. 16, 20-22.)  Title VII requires

plaintiffs to exhaust their administrative remedies by filing timely charges of discrimination with the

EEOC before they initiate suits arising out of the charges.  42 U.S.C. §§ 2000e-5(e)(1), (f)(1).  A claim

not expressly raised in an EEOC charge may be brought in federal court only if it is "reasonable related"

to the EEOC claim, such that it involved conduct that would have fallen within the scope of the EEOC investigation.  See Butts v. City of N.Y. Dep't of Hous. Pres & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded on other grounds by statute.

With respect to Drammeh, Magistrate Judge Maas concluded that Drammeh had exhausted his administrative remedies with respect to his discrimination claims based on race, national origin and color, but not with respect to his gender/sex or religion claims.  (Id. 20-21.)  Magistrate Judge Maas found that Drammeh's discrimination claims based on race, color, and national origin in this action were related, or reasonably related, to his formal EEOC charge, such that EEOC could have been expected to explore each of these possibilities as part of its investigation.  (Id. 20 (citing Sharabura v. Taylor, No. 03 CV 1866 (JG), 2003 WL 22170601, at *3 (E.D.N.Y. Sept. 16, 2003) (holding that an EEOC claim listing discrimination based only on national origin would alert EEOC to potential race and color discrimination claims as well).)  Magistrate Judge Maas found, however, that Drammeh's formal EEOC charge lacked any substantive allegations about religion or gender that would have alerted EEOC that he was pursuing such discrimination claims.  (Id. 21.)  Accordingly, Magistrate Judge Maas recommended that Drammeh's religious and gender discrimination claims be dismissed for failure to exhaust his administrative remedies.  (Id. 20-21.)

As to Trivedi, Magistrate Judge Maas concluded that she had exhausted her administrative remedies with respect to her national origin discrimination claim, but not with respect to her gender/sex claim.  (Id. 22.)  Magistrate Judge Maas noted that in her EEOC charge, Trivedi checked the box only for retaliation and not for discrimination based on national origin or sex.  (Id.)  Nonetheless, Magistrate Judge Maas found that the substance of her EEOC charge was similar to the other Plaintiffs' allegations of discrimination based on national origin.  (Id. (citing Alonzo v. Chase Manhattan Bank, N.A., 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) ("[I]t is the substance of the charge and not its label that controls.").)  He found that Trivedi's gender/sex discrimination charge, however, was not reasonably related to her

retaliation claim.  (Id.)  Accordingly, Magistrate Judge Maas recommended that Trivedi's gender/sex

discrimination claim be dismissed for failure to exhaust her administrative remedies.  (Id.)

Second, Magistrate Judge Maas analyzed and found that each Plaintiff stated a prima facie case

of discrimination against OCA, by showing that: (1) they were members of a protected class, (2) they

were qualified for the positions they held, (3) they suffered adverse employment actions, and (4) the

circumstances give rise to an inference of discrimination.   (Id. 17, 22-25 (citing Ghosh v. N.Y. City

Dep't of Health, 413 F. Supp. 2d 322, 332 (S.D.N.Y. 2006) (listing elements).)  With respect to

Trivedi's complaint, Magistrate Judge Maas found her allegations regarding testing conditions were

insufficient to give rise to an inference of discrimination, but that her allegation that interpreters of other

languages were treated differently, when construed liberally, warranted an inference that the

circumstances surrounding her testing and subsequent termination were discriminatory.[3]

Finally, Magistrate Judge Maas analyzed each Plaintiff's discrimination claim based on

retaliation, and recommended that these claims be dismissed.  (R&R 25-28.)  To establish a prima facie

case in the retaliation context, an employee must show: (1) the employee engaged in a protected activity;

(2) the employer knew of this activity; (3) the employer took adverse action against the employee; and

(4) there was a causal relationship between the adverse action and the employee's protected activity.

Cifra v. Gen Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001).

Ba, Drammeh, and Seck claimed that they were subject to harassment, discriminatory

proficiency testing and ultimately termination as a consequence of their involvement in a 2001 Class

Action against OCA.  (Id. 25.)  Magistrate Judge Maas found that Ba, Drammeh, and Seck failed to

show a causal relationship between the protected activity and the adverse action that occurred almost ten

years later.  (Id. 26-27.)  Accordingly, Magistrate Judge Maas recommended that Ba, Drammeh and

Seck's retaliation claims be dismissed.

---

[3]  Magistrate Judge Maas noted that Trivedi's allegations may refer to time-barred conduct.  (R&R 25 & n.11.)
Nonetheless, Magistrate Judge Maas construed Trivedi's allegations liberally and assumed that her claims
related to tests administered to Southern Asians in 2008.  (Id. 25.)

Magistrate Judge Maas found that Trivedi, who did not participate in the 2001 Class Action, failed to allege that she engaged in a protected activity.  (Id. 27.)  Magistrate Judge Maas noted that from the face of her complaint, the only instance in which Trivedi may have opposed OCA was her complaint to DC 37 about deficient testing equipment.  (Id.)  Magistrate Judge Maas found that this complaint did not constitute protected activity under Title VII.  (Id. 27-28 (citing Kamrowski v. Morrison Mgmt. Specialist, No. 05 Civ. 9234(KMK), 2010 WL 3932354, at *20 (S.D.N.Y. Sept. 29, 2010).)  Further, Magistrate Judge Maas found that Trivedi also failed to allege a casual relationship, since she conceded that she was fired for failing the proficiency exam.  (Id. 28.)  Accordingly, Magistrate Judge Maas recommended that Trivedi's retaliation claim be dismissed.

Magistrate Judge Maas liberally construed Bhattacharjee to raise a retaliation claim, despite Bhattacharjee's failure to check the "retaliation" box in his amended complaint.  (Id.)  Bhattacharjee alleged that he was subjected to unfair and discriminatory testing conditions during his re-examination, after he and other Bengalis protested and filed a grievance.  (Id.)  Bhattacharjee's EEOC charge, however, discloses that the testing conditions at his re-examination were substantially the same as the conditions at his first examination, before he filed a grievance.  (Id.)  Accordingly, Magistrate Judge Maas found that Bhattacharjee failed to set forth any facts to show a plausible causal link between his grievance and the subsequent testing conditions and recommended that Bhattacharjee's retaliation claim be dismissed.  (Id.)

In sum, Magistrate Judge Maas recommended dismissal of Plaintiffs' ADEA, ADA, Section 1983, NYSHRL and NYCHRL claims along with Plaintiffs' Title VII claims based on retaliation against OCA.  Magistrate Judge Maas recommended that Plaintiffs' Title VII claims against OCA based on discrimination be allowed to proceed, but limited Drammeh's discrimination claims to national origin, color and race and Trivedi's discrimination claim to national origin.

*B. Claims Against DC 37*

Magistrate Judge Maas analyzed and recommended dismissal of Ba, Drammeh and Seck's claims against DC 37 for discrimination under Title VII and the ADEA, breach of the duty of fair representation, and under NYSHRL and NYCHRL.

First, Magistrate Judge Maas considered Ba, Drammeh and Seck's discrimination claims under Title VII and the ADEA.  (R&R 29-32.)  Unions are liable for an employer's discrimination only where: (1) the union breached its duty of fair representation by allowing an alleged violation go unrepaired and (2) the union's actions were motivated by discriminatory animus.  Morris v. Amalgamated Lithographers of Am., 994 F. Supp. 161, 170 (S.D.N.Y. 1998).  A union breaches its duty of fair representation when its conduct is "arbitrary, discriminatory or in bad faith."  Id.  The union's negligence, however, does not amount to a breach of its duty of fair representation.  Coleman v. City of N.Y., No 99 CV 1159(JG), 1999 WL 1215570, at *4 (E.D.N.Y. Dec. 7, 1999).  Magistrate Judge Maas found that Ba, Drammeh, and Seck's discrimination claims—based on DC 37's failure to: intervene when OCA subjected them to a proficiency exams, provide better training for the exams, and address technical difficulties that arose during the exams—at best constituted negligence.  (Id. 31.)  Moreover, Magistrate Judge Maas found that there had been no plausible allegation that DC 37 was motivated by discriminatory animus.

Magistrate Judge Maas found that Ba, Drammeh and Seck's Title VII claims alleging that DC 37 induced them to take the proficiency exam by disseminating false information fared no better.  (Id. 31-32.)  Ba, Drammeh and Seck again failed to show that, in inducing them to take a proficiency exam, DC 37 acted with discriminatory animus.  (Id.)  Accordingly, Magistrate Judge Maas recommended granting DC 37's motions with respect to Title VII claims.

Magistrate Judge Maas found that Ba, Drammeh and Seck failed to plead a prima facie claim of age discrimination.  (Id. at 32.)  He found that, aside from setting forth their respective ages, none of the

Plaintiffs pled any facts suggesting that DC 37 discriminated against them because of their age.  (Id.) He thus recommended granting DC 37's motions with respect to ADEA claim.

Second, Magistrate Judge Maas found that Ba, Drammeh and Seck's duty of fair representation claims should be dismissed because federal courts lack subject matter jurisdiction over duty of fair representation claims brought by employees of political subdivisions, and, as discussed above, OCA is a governmental entity.  (Id. 33 (citing Gear v. Dep't of Educ., No. 07 Civ. 11102, 2010 WL 5297890, at *3-4 (S.D.N.Y. Dec. 21, 2010).)

Third, Magistrate Judge Maas found that because claims raised under the NYSHRL must satisfy the same standard of recovery as Title VII claims, Ba and Drammeh's NYSHRL claims fail.  (Id. 33.)

Fourth, Magistrate Judge Maas noted that while the NYCHRL should be construed liberally, claims "must still link the adverse action to a discriminatory or retaliatory motiv[e]."  (Id. 34 (quoting Joseph v. N.Y. City Dep't of Corr., No. 10 CV 1265(NGG), 2011 WL 1843162, at *9 (E.D.N.Y. May, 13, 2011).)  Magistrate Judge Maas found that Drammeh and Seck failed plausibly allege that DC 37 undertook the actions it did either out of discriminatory animus or an effort to retaliate against Drammeh and Seck for engaging in protected activity.  (Id.)  Accordingly, Magistrate Judge Maas recommended dismissal of their NYCHRL claims.  (Id.)

In sum, Magistrate Judge Maas recommended that all claims against DC 37 be dismissed.

## DISCUSSION

## IV.   Standard of Review for a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo.  Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous."  La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).  Moreover, "[w]hen a

party makes only conclusory or general objections…the Court will review the Report strictly for clear error….Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." <u>Molefe v. KLM Royal Dutch Airlines</u>, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

## V.   The Parties' Objections

OCA, Trivedi and Bhattacharjee filed timely objections to the R&R.  The Court reviewed these objections and finds them without merit.

### *A. OCA's Objection*

OCA objected to the R&R only to the extent that it did not address OCA's argument that Bhattacharjee's race and national origin discrimination claims were barred by the statute of limitations. (OCA Objection 1.)  Under Title VII, an employee typically must file a charge of discrimination with the EEOC within 300 days of the discriminatory act.  <u>See</u> 42 U.S.C. § 2000e-5(e)(1).  On January 28, 2010, Bhattacharjee filed a charge with EEOC alleging that OCA discriminated against him by giving him language proficiency examinations that were longer and required a higher score to pass than the proficiency exams for other languages.  (Bhattacharjee Moralis Aff. Ex. B.)  Specifically, in Bhattacharjee's EEOC claim, he alleged that: he was instructed to take a language proficiency examination on March 22, 2008, which he failed; he took a re-examination on August 4, 2008, which he failed; as a result, he was fired on January 30, 2009.  (<u>Id</u>.)  He claimed that after filing a grievance he was allowed to take another re-examination on August 21, 2009, which he failed for a third time.  (<u>Id</u>.) OCA contends that Bhattacharjee's proficiency exams on March 22, 2008 and August 4, 2008, and his subsequent discharge on January 30, 2009 are all discrete acts that fall outside Title VII's 300-day window, and thus are time-barred.  (OCA Objections 7.)  OCA concedes that Bhattacharjee's August 21, 2009 re-examination falls within the 300-day window, which began on April 3, 2009.  (<u>Id</u>. 7.)

An exception to Title VII's 300-day rule applies when the discriminatory acts constitute a continuing violation.  <u>See</u> <u>Lightfoot v. Union Carbide Corp.</u>, 110 F.3d 898, 907 (2d Cir. 1997).  "The

continuing-violation exception applies where there is evidence of . . . the repeated use of discriminatory . . . employment tests." Id.  Bhattacharjee's allegations relate to OCA's repeated use of an allegedly discriminatory proficiency exam and thus constitute a continuing violation.[4]  Since Battacharjee timely filed an EEOC action with respect to his August 21, 2009 re-examination, which was part of a continuous violation of discriminatory exams, Bhattacharjee's claim is not time-barred.  See Deravin v. Kerick, No. 00 CV 7487(KMW)(KNF), 2007 WL 1029895, at *4 (S.D.N.Y. Apr. 2, 2007).

### B. Trivedi's Objection

In her objections to the Court, Trivedi argues that OCA discriminated against her in violation of Title VII and objects to the dismissal of her ADA claim.

Trivedi's discussion of OCA's alleged discrimination, in violation of Title VII, does not amount to an objection.  While Trivedi provides additional factual allegations in an attempt to show "a contradiction" between the OCA's proficiency examination policy, as detailed in the background section of the R&R, and her personal treatment, she does not allege that Magistrate Judge Maas's factual recitation of OCA's examination policy was, in any way, incorrect.  (See Trivedi's Objections 1-2.) Likewise, while Trivedi argues that her discrimination claim is not time-barred, she ignored that Magistrate Judge Maas construed her allegations liberally and assumed that Trivedi's claim was not time-barred.  (See R&R 25 & n.11.)  Magistrate Judge Maas concluded that Trivedi stated a Title VII claim for discrimination based on national origin against OCA.  Accordingly, Trivedi has not raised any objection regarding Title VII for the Court to address.[5]

Trivedi's objection pertaining to her ADA claim is without merit.  Trivedi objects to a footnote in the R&R, where Magistrate Judge Maas recommended dismissal of Trivedi's ADA claim for failing to make any mention of a disability.  (R&R 3 n.2.)  In her objection, Trivedi provides additional facts

---

[4] To take advantage of the continuing violation exception, a plaintiff must clearly assert the continuous violation in both his EEOC filing and his complaint.  See Miller v. Int'l Telephone and Telegraph Corp., 755 F.2d 20, 26 (2d Cir. 1985).  While Bhattacharjee never mentions a "continuous violation" in his papers, the Court liberally construes this to be his claim.

[5] Trivedi's objections contain no reference to a discrimination claim based on gender/sex, which was properly dismissed for failure to exhaust. (See supra 7-8.)

relating to her purported physical disability.  Magistrate Judge Maas had also concluded, however, that Trivedi's ADA claim was barred by sovereign immunity pursuant to the Eleventh Amendment.  (See R&R 14-15.)  The OCA is a government entity that, pursuant to sovereign immunity, is not amenable to suit.  See Anderson v. State of N.Y., Office of Ct. Admin. of Unified Ct. Sys., 614 F. Supp. 2d 404, 426 (S.D.N.Y. 2009).)  While there are two exceptions to sovereign immunity, Trivedi's ADA claim does not qualify for either.  Congress has not abrogated immunity for claims brought under the ADA, and New York State has not waived its immunity with respect to such claims.  See Martin v. Baruch Coll., No. 10 Civ. 3915(DAB), 2011 WL 723565, at *2 (S.D.N.Y. Feb. 18, 2011).  Accordingly, despite Trivedi's new factual allegations, Trivedi's claim under the ADA still fails.

*C. Bhattacharjee's Objections*

Bhattacharjee timely submitted objections.  (Bhattacharjee Objections 1-2.)  Bhattacharjee argues that a state agency can be sued under Title VII (id. 1); but in doing so ignores that Magistrate Judge Maas recommended that his Title VII claim be allowed to proceed.  Bhattacharjee also objected to OCA's contention that the statute of limitations barred his claim.  (Id. 2.)  This Court considered and, for the reasons above, denies OCA's statute of limitations challenge, its only objection.  Bhattacharjee raises no other objection for the Court to address.

## CONCLUSION

For the foregoing reasons, Defendant DC 37's motions are GRANTED in their entirety; OCA's motions are GRANTED IN PART and DENIED IN PART.  Specifically:

(1) DC 37's motions to dismiss Ba, Drammeh and Seck's claims against it, are GRANTED in their entirety.  (No. 10 Civ. 7405, ECF No. 11; No. 10 Civ. 7406, ECF No. 12; No. 10 Civ. 7659, ECF No. 11.)  DC 37 is therefore no longer a defendant in this action.

(2) OCA's motion to dismiss Ba's claims is GRANTED IN PART and DENIED IN PART.  (No. 10 Civ. 7405, ECF No. 20).  OCA's motion is GRANTED with respect to claims raised under: the ADEA, pursuant to 29 U.S.C. §§ 621, et seq.; the NYSHRL, pursuant to N.Y. Exec. Law §§ 290,

et seq.; and Title VII, based on retaliation, pursuant to 42 U.S.C. §§ 2000e, et seq.  OCA's

motion is DENIED with respect to Ba's Title VII claim based on discrimination.

(3)   OCA's motion to dismiss Bhattacharjee's claims is GRANTED IN PART and DENIED IN

PART.  (No. 10 Civ. 7390, ECF No. 7.)  OCA's motion is GRANTED with respect to claims

raised under: the ADEA, pursuant to 29 U.S.C. §§ 621, et seq.; and Title VII, based on

retaliation, pursuant to 42 U.S.C. §§ 2000e, et seq.  OCA's motion is DENIED with respect to

Bhattacharjee's Title VII claim based on discrimination.

(4)   Bhattacharjee's request to amend his complaint to include a Section 1983 claim, pursuant to 42

U.S.C. § 1983, is DENIED.

(5)   OCA's motion to dismiss Drammeh's claims is GRANTED IN PART and DENIED IN PART.

(No. 10 Civ. 7406, ECF No. 20.)  OCA's motion is GRANTED with respect to claims raised

under: the ADEA, pursuant to 29 U.S.C. §§ 621, et seq.; the NYCHRL, pursuant to N.Y. City

Admin. §§ 8-101, et seq.; the NYSHRL, pursuant to N.Y. Exec. Law §§ 290, et seq.; and Title

VII, based on retaliation, pursuant to 42 U.S.C. §§ 2000e, et seq.  OCA's motion is DENIED

with respect to Drammeh's Title VII claim based on discrimination, but Drammeh's

discrimination claim is limited to national origin, color and race.

(6)   OCA's motion to dismiss Seck's claims is GRANTED IN PART and DENIED IN PART.  (No.

10 Civ. 7659, ECF No. 20.)  OCA's motion is GRANTED with respect to claims raised under:

the ADEA, pursuant to 29 U.S.C. §§ 621, et seq.; the NYCHRL, pursuant to N.Y. City Admin.

§§ 8-101, et seq.; the NYSHRL, pursuant to N.Y. Exec. Law §§ 290, et seq.; and Title VII, based

on retaliation, pursuant to 42 U.S.C. §§ 2000e, et seq.  OCA's motion is DENIED with respect to

Seck's Title VII claim based on discrimination.

(7)   OCA's motion to dismiss Trivedi's claims is GRANTED IN PART and DENIED IN PART.

(No. 10 Civ. 7356, ECF No. 7.)  OCA's motion is GRANTED with respect to claims raised

under: the ADEA, pursuant to 29 U.S.C. §§ 621, et seq.; the NYCHRL, pursuant to N.Y. City

Admin. §§ 8-101, et seq.; the ADA, pursuant to 42 U.S.C. §§ 12112, et seq.; and Title VII, based on retaliation, pursuant to 42 U.S.C. §§ 2000e, et seq.  OCA's motion is DENIED with respect to Trivedi's Title VII claim based on discrimination, but Trivedi's discrimination claim is limited to national origin.

(8) Trivedi's request to amend her complaint to include a Section 1983 claim, pursuant to 42 U.S.C.

§ 1983, is DENIED.

Plaintiffs' remaining Title VII discrimination claims against OCA are referred to Magistrate Judge Maas for general pretrial matters and dispositive motions.

Dated: New York, New York
       September 26, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies To:

Douga Ba
2420 Morris Avenue, Apt. #2C
Bronx, New York 10468

Hrishikesh Bhattacharjee
43-32 47th Street, Apt. # B-46
Queens, New York 11104

Pa B.F. Drammeh
327 Edgecombe Avenue, Apt. # 10
New York, New York 10031

Hamadou T. Seck
2321 Adam Clayton Powell Jr. Boulevard, Apt. #50
New York, New York 10030

Dhriri Trivedi
75-48 255th Street

16

Glen Oaks, New York 11004

Steven E. Sykes, Esq.
District Council 37
125 Barclay Street, Room 510
New York, New York 10007

Pedro Morales, Esq.
Office of Court Administration
25 Beaver Street, 11th Floor
New York, New York 10004